UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PENSKE TRUCK LEASING CO., L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-04199-JPH-TAB |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO STAY**

Plaintiff Penske Truck Leasing filed a motion to stay this action until related state court litigation pending in Vigo County is resolved. [Filing No. 41.] Defendant Westfield Insurance Company objects to Plaintiff's request for a stay. [Filing No. 44.] For the reasons set forth below, the Court agrees with Defendant that a stay is not appropriate.

This action has its origins in a May 13, 2017, automobile accident in which Jeffrey Kolkman, an employee of Green Transportation, was driving a tractor-trailer owned by Penske Truck Leasing and leased to Green. The tractor-trailer rear-ended another vehicle and killed the three occupants of that vehicle. Defendant paid its entire policy limits to settle claims against Green and Kolkman. The estates of the three deceased individuals have now sued Penske in Vigo County. In the case at bar, Plaintiff contends it was an additional insured under Defendant's now-depleted insurance policy, and that Defendant breached its contract, was negligent, and/or acted in bad faith by exhausting its policy limits without also protecting Plaintiff's rights under the policy. Plaintiff asks that this action be stayed "pending a full and final resolution" of the underlying Vigo County claims. [Filing No. 41, at ECF p. 4.]

As Defendant correctly points out, however, determination of the claims in the instant matter is not dependent on resolution of the Vigo County litigation. [Filing No. 44, at ECF p. 2.] Thus, a stay will not simplify the issues in question. Moreover, resolution of the Vigo County litigation will not reduce the burden of the litigation on the parties here; the litigation will need to occur with or without a resolution of the Vigo County litigation. In addition, Plaintiff acknowledges that the Vigo County litigation has been "proceeding slowly." [Filing No. 41, at ECF p 2.] Defendant should not be forced to delay the instant case because of this and suffer the resulting prejudice and uncertainty. Defendant's response indicates it intends to file a dispositive motion as to all of Plaintiff's claims. [Filing No. 44, at ECF p. 3.] Plaintiff offers no compelling reason to derail this course of action.

Finally, in response to Plaintiff's statement that at this stage damages are uncertain [Filing No. 41, at ECF p. 3], Defendant suggests that Plaintiff could dismiss the case without prejudice "and refile the action when it feels it is appropriate." [Filing No. 44, at ECF p. 3.] This is not very practical given Plaintiff's position that the statute of limitations will run in May 2021. [Filing No. 45, at ECF p. 2.] However, the parties might consider entering into a tolling agreement, which might make a dismissal without prejudice more appealing to Plaintiff since no stay will be entered.

Whether to proceed in this fashion is up to the parties. Whether to stay this action is up to the Court. Plaintiff's motion to stay [Filing No. 41] is denied.

Date: 12/7/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bryce H. Bennett, Jr.
RILEY BENNETT EGLOFF LLP
bbennett@rbelaw.com

Dale W. Eikenberry
WOODEN & MCLAUGHLIN LLP (Indianapolis)
dale.eikenberry@woodenlawyers.com

Laura Sue Reed
RILEY BENNETT EGLOFF LLP
lreed@rbelaw.com

Elizabeth S. Schmitt
WOODEN & MCLAUGHLIN LLP (Indianapolis)
elizabeth.schmitt@woodenlawyers.com

Stephen Charles Wheeler
FISHER MAAS HOWARD LLOYD & WHEELER, P.C.
swheeler@fishermaas.com